IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEREK JARVIS                          :

   v.                                 :   Civil Action No. DKC 07-3385

ENTERPRISE FLEET SERVICES             :
AND LEASING COMPANY                   :

**MEMORANDUM OPINION**

Pending before the court are motions filed by Plaintiff Derek Jarvis for reconsideration (paper 204), for leave to appeal *in forma pauperis* (paper 209), and for transcripts to be provided at government expense (paper 208). The issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiff's motions will be denied.

**I. Background**

On March 17, 2010, this court separately issued a memorandum opinion and order denying numerous motions filed by Plaintiff, granting summary judgment in favor of Defendant Enterprise Fleet Services and Leasing Company, and entering judgment for Defendant in the amount of $2,112.89, representing an award of attorneys' fees incurred by Defendant in litigating a prior motion. (Paper 203). On March 22, 2010, Plaintiff moved for reconsideration of the court's order granting summary

judgment and entering a monetary judgment in favor of Defendant, citing "manifest errors of law or fact" and "the need to correct a clear error of law or prevent a manifest injustice." (Paper 204, at 2). On April 8, 2010, Plaintiff concomitantly filed a motion for trial transcripts at government expense (paper 208), a motion and supporting affidavit for leave to appeal *in forma pauperis* (paper 209), and a notice of appeal (paper 210).

## II. Motion for Reconsideration

### A. Standard of Review

Plaintiff's motion for reconsideration is brought pursuant to Fed.R.Civ.P. 59(e). Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003). "A motion to reconsider is not a license to argue the merits or present new evidence." *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir. 1992). To the contrary, it is "an extraordinary remedy which should be used sparingly," *Pacific Ins. Co.*, 148 F.3d at 403.

**B. Analysis**

In considering Defendant's motion for summary judgment, the court prefaced its analysis by noting that there was "considerable disparity in the quality of the evidence submitted by the parties." (Paper 202, at 39). The court observed that "[w]hile Enterprise has presented voluminous records, deposition excepts, and a number of declarations of relevant witnesses in support of its claims, Plaintiff relies principally upon his own 'affidavits,'" which were "problematic in several respects." (*Id.*). "Initially," the court noted, Plaintiff's self-described affidavits "are unsworn and do not include the language required by 28 U.S.C. § 1746 for unsworn declarations." (*Id.*). The court then continued, observing several other evidentiary "problems" with Plaintiff's submission, such as that his "purported affidavits largely, if not exclusively, assert conclusory allegations that are unsupported by any other evidence," that he "grouped together and improperly labeled [personnel records for various Enterprise employees] as the 'declarations' of these employees," and that he "failed to explain the relevance of many of [these] exhibits and, in many cases, it is unclear how they support the proposition for which they appear to be cited." (*Id.* at 40, n. 9).

In moving for reconsideration, Plaintiff argues that the court "appears to [have based] its entire Order/Opinion" on its finding that his "affidavits" were defective, contending that they "absolutely constitute[] . . . 'sworn statement[s],'" and requests that it "immediately vacate its erroneous and flawed opinion/order" to the contrary. (Paper 204, at 1). While Plaintiff fails to cite any legal support for his argument, he asserts that the language he used to certify his affidavits was "consistent with the language used in an affidavit . . . 'under penalty of perjury.'" (*Id*. at 13).

Plaintiff's argument is unpersuasive in several respects. First, as the court explained in its memorandum opinion, the documents that Plaintiff purported to be "affidavits" clearly were not. "An affidavit is a statement reduced to writing and the truth of which is sworn to before someone who is authorized to administer an oath." *Farm Bureau Mut. Auto Ins. Co. v. Hammer*, 83 F.Supp. 383, 386 (D.W.D.), *rev'd on other grounds*, 177 F.2d 793 (4th Cir. 1949). The documents submitted by Plaintiff did not purport to "sworn to before someone who is authorized to administer an oath"; thus, they were not true affidavits. Secondly, Plaintiff's submissions did not contain the requisite language to qualify as "unsworn declarations under penalty of perjury," pursuant to 28 U.S.C. § 1746. That statute provides that where a party declares "under penalty of perjury

that the foregoing is true and correct," or the substantial equivalent, its statements may be submitted in lieu of an affidavit. Plaintiff's two "affidavits" concluded with the following language: "I Hereby Certify that the foregoing statements made by me are True and Correct, I am aware that if any of the foregoing statements made by me are willfully false, I am subject to perjury." (Paper 192, Ex. 2, at 23; *see also* Paper 195, Ex. 1, at 15). Despite Plaintiff's apparent claim to the contrary, this is not the equivalent of the suggested language set forth in 28 U.S.C. § 1746; thus, Plaintiff's "affidavits" could not qualify as unsworn declarations.[1] Were this technical issue the only problem with Plaintiff's "affidavits," the court would not have hesitated to permit Plaintiff to amend his affidavits. As the court observed in its memorandum opinion, however, this was only the initial problem. Plaintiff's "affidavits" also consisted largely of bald allegations unsupported by any other evidence. Under those circumstances, permitting Plaintiff to amend his "affidavits" would have served no legitimate purpose.

---

[1] While Plaintiff complains that the court did not find similar fault with Defendant's unsworn declarations, each of Defendant's declarations were properly prefaced with language establishing that the declarant "declare[s] under the penalties of perjury that the following is true and correct." (*See, e.g.,* Paper 190, Ex. 1). This language largely mirrored the example set forth in 28 U.S.C. § 1746.

5

While Plaintiff presents a number of additional arguments in support of his position that the court must "correct manifest errors of law or fact" (paper 204, at 2) with respect to its prior decision, these arguments essentially seek "to have the court change its mind, which is not the function of a Rule 59(e) motion," *Frall Developers, Inc. v. Board of County Com'rs for Frederick County*, Civ. No. CCB-07-2731, 2010 WL 672847, at *1 (D.Md. Feb. 22, 2010). To the extent that Plaintiff's rambling motion is comprehensible, he has failed to identify any intervening change in the law, newly developed evidence, or clear error of law or manifest injustice that would cause this court to alter its prior opinion. Accordingly, Plaintiff's motion for reconsideration will be denied.

### III. Motions for Trial Transcripts at Government Expense and Leave to Appeal *In Forma Pauperis*

As the court stated previously (paper 168), it has already granted Plaintiff's prior motions for *in forma pauperis* status (papers 100, 119), and need not do so again. Thus, Plaintiff's motion for leave to appeal *in forma pauperis* (paper 209) will be denied as unnecessary.

Plaintiff additionally requests, pursuant to 28 U.S.C. § 753(f), that the government be charged the cost of reproducing copies of a hearing before Judge Day for purposes of his appeal. (Paper 208). "An appellant proceeding on appeal in forma

pauperis is entitled to transcripts at government expense only if the trial judge or a circuit judge certifies that the appeal is not frivolous but presents a substantial question." *Cheris v. Washington Metropolitan Area Transit Authority*, 351 Fed.Appx. 792, 793 (4th Cir. 2009) (unpublished). For the reasons stated in the memorandum opinion, this court cannot make the requisite certification here.[2] Accordingly, Plaintiff's motion for free transcripts will be denied.

**IV. Conclusion**

For the foregoing reasons, Plaintiff's motions for reconsideration, for trial transcripts at government expense, and to appeal *in forma pauperis* will be denied. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

---

[2] Notably, Plaintiff apparently seeks this transcript in connection with this court's denial of his "motion for reconsideration" of a prior order issued by Judge Day. Plaintiff, however, has already appealed the underlying order (paper 178), and that appeal was dismissed by the Fourth Circuit on December 23, 2009 (paper 196).